# Williams v. McDonald and Williams.

Where (by the practice under the Act of 20 March, 1810, Sec. 2. 5 Sm., 162) it appears that the Constable left a copy of the original summons with a son of one of the defendants and made known the contents thereof to him, it not appearing however, that this son was an adult member of the family of either of the defendants, there is not a compliance with the Act of Assembly and the judgment will be reversed.

The record of the Justice must show that the summons has been served according to the Act of July 9, 1901.

### SERVICE OF SUMMONS.

No. 340, December T., 1901, C. P. Beaver County.

Certiorari to J. A. Irons, J. P. of the Borough of Monaca.

The facts appear by the opinion of the Court.

John H. Dunn, Esq., for McDonald and Williams, Plaintiffs in Error.

Opinion by WILSON, P. J.

The assignments of errors are:

1. The record of the Justice does not show that the summons was properly served on the defendant below.

2. The record does not show that the summons was in proper form it not being sent up with the record.

3. The record does not show that the summons was returned under oath.

4. The said record is in other respects uncertain, incomplete and defective.

As to the first assignment of error the record reads:

"November 11, summons returned served on defendants by leaving a copy of original summons with the son of one of the defendants and making the contents thereof known to him.

F. M. Hayes, C.              C.  Sworn to services."

The Act relating to the service of a summons and under which the summons was served reads as follows: "A writ and summons should be executed by reading the same in the hearing of the defendant or by giving notice of its contents and by giving him a true and attested copy thereof; or if the defendant cannot conveniently be found, by leaving such copy at his dwelling house in the presence of one or more of the adult members of his family; or if the defendant resides in the family of another, with one of the adult members of the family in which he resides."

While the summons is not returned with the record yet the record gives a copy of the return. In this it appears that the constable left a copy of the original of the summons with a son of one of the defendants and made known the contents thereof to him. It does not appear that this son was an adult member of the family of either of the defendants, hence it does not comply with the Act of Assembly, and the judgment should be reversed and set aside.

And now, April 2, 1902, the judgment of the Justice is reversed and set aside.

Reported by Lawrence M. Sebring, Esq.,
Beaver, Pa.